NO. 07-05-0179-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 7, 2005
_____

THE STATE OF TEXAS FOR THE BEST INTEREST
AND PROTECTION OF T.R.G.
_____

FROM THE COUNTY COURT OF RANDALL COUNTY;

NO. 2005-M-055; HON. JAMES ANDERSON, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

This is an appeal from an order involuntarily committing T.R.G. (appellant) to North Texas State Hospital in Wichita Falls, Texas, for no more than 365 days. He was so committed to receive extended mental health services. His appointed appellate counsel moved to withdraw and filed an Anders[1] brief in conjunction with that motion. In the brief, counsel represents that, after conducting a diligent search, he found no meritorious issues warranting appeal. Along with his brief, appellate counsel sent appellant a letter informing him of his conclusions and his right to file a *pro se* response. We too informed appellant, by letter, of his right to file a *pro se* response, and one was received by the court from him. Several supplemental responses were also forwarded to this court. However, the

_____

[1]*Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 ( 1967).

comments in the *pro se* responses are generally incomprehensible and sometimes profane. They also fail to illustrate that the trial court erred in any way or that appellant's commitment was and is unlawful.

Next, in compliance with the principles enunciated in *Anders*, appellate counsel illustrates why the appeal lacks merit. His first issue involves whether *Anders* even applies to an appeal from a commitment proceeding, and he concludes that it does. We agree with that determination. *See In the Matter of E.M, No.* 03-96-00703-CV, 1997 Tex. App. LEXIS 2511(Tex. App.–Austin May 1, 1997, no writ) (unpublished) (applying *Anders* in an appeal from a commitment order).

Next, counsel discusses two potential areas for error. The first concerns the confrontation clause of the United States Constitution and whether it was violated when the trial court permitted a witness to testify via the telephone. The second involves the effective assistance of counsel when he withheld objection to the decision allowing testimony to be received over the phone. Each issue was then shown to be baseless. For instance, trial counsel was given leave to cross-examine and actually questioned the witness over the telephone. So, appellant's opportunity to test the comments of the witness was preserved in this instance. Additionally, appellant says nothing about being unable to broach or investigate any particular subject due to the procedure utilized. And, because appellant had the opportunity to cross-examine the witness and actually did so, withholding objection to the procedure did not render trial counsel ineffective. We agree.

In addition to reading the *Anders* brief and appellant's *pro se* response, we also reviewed the record, *sua sponte*, as required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991). Our review of it disclosed no arguable error warranting reversal.

Accordingly, the motion to withdraw is granted, and the order committing appellant to North Texas State Hospital not to exceed 365 days is affirmed.


Per Curiam